**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| CATHLEEN SIMOVIC, | ) | |
| | ) | |
| | ) | |
| PLAINTIFF, | ) | |
| | ) | Civil Action No._____ |
| v. | ) | |
| | ) | |
| CREDIT CONTROL, LLC, | ) | |
| and JH PORTFOLIO DEBT | ) | |
| EQUITIES, LLC, | ) | |
| | ) | |
| DEFENDANTS, | ) | Jury Demanded |

## COMPLAINT

Plaintiff, Cathleen Simovic, brings this action under the Fair Debt Collection

Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), for a finding that Defendants' debt

collection actions violated the FDCPA, and to recover damages for Defendants'

violations of the FDCPA, and alleges:

## JURISDICTION AND VENUE

1.      This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28

U.S.C. § 1331 and § 1337.

2.      Venue is proper in this District because parts of the acts and transactions

occurred here and Defendants transact substantial business here.

## PARTIES

3.      Plaintiff, Cathleen Simovic ("Plaintiff") is a resident of the State of

Illinois, from whom Defendants attempted to collect a delinquent consumer debt owed

for a Washington Mutual credit card ("the alleged debt"), and is a "consumer" as that

term is defined by § 1692a of the FDCPA.

4.      Defendant, Credit Control, LLC, ("Credit Control") is a Minnesota corporation that is a debt collector under § 1692a of the FDCPA because it regularly collects consumer debts owed or due, or asserted to be owed or due, to others.

5.      Defendant, JH Portfolio Debt Equities, ("JH Portfolio") is a Florida corporation that is a debt collector under § 1692a of the FDCPA because it regularly collects consumer debts owed or due, or asserted to be owed or due, to others.

## FACTUAL ALLEGATIONS

6.      Plaintiff is a consumer who fell behind on paying her bills, including an alleged debt she incurred for personal, family, and household purposes, originally for a Washington Mutual credit card account identified by Account/Reference No. 4185865634727734 ("alleged debt").

7.      Sometime thereafter, the alleged debt was purchased by LVNV Funding LLC.

8.      Sometime thereafter, the alleged debt was purchased by Defendant JH Portfolio Debt Equities LLC, which subsequently hired Defendant Credit Control to collect the alleged debt from the Plaintiff.

9.      After Plaintiff fell behind in paying the alleged debt, Plaintiff retained a law firm named "The Palmer Law Firm" ("Palmer") to attempt to settle the alleged debt on Plaintiff's behalf.

10.     At all times relevant hereto, Defendants knew that Plaintiff was represented by "The Palmer Law Firm" with respect to the alleged debt in this matter.

11.     On or around July 9, 2010, Defendant Credit Control sent Plaintiff a first collection letter stating in part that Plaintiff owed a "Balance Due" of $13,306.95 to "JH Portfolio Debt Equities LLC". (Exhibit A, Letter from Defendant).

12.     Said letter dated July 9, 2010, contained the phrase "Final Notice", even though said letter was the first letter Defendant Credit Control sent to the Plaintiff, and even though said letter contained a 1692g notice.  (Exhibit A, Letter from Defendant).

13.     On or about January 14, 2011 at around 1:19 pm, an agent and/or employee of Defendant Credit Control who identified himself as "Daniel Gambino" placed a telephone call to Plaintiff's cell phone. During the pendency of the call Mr. Gambino told Plaintiff that he was calling regarding her Washington Mutual account on which she owed $13,000.00, and that he was going to "file a judgment today" unless Plaintiff immediately made arrangements to settle the alleged debt.

14.     In response, Plaintiff told Mr. Gambino that she was represented by Palmer and to direct any future questions to that office.

15.     Mr. Gambino thereafter told Plaintiff that he knows a "Ralph Soto" at Palmer, which he would email to confirm that she is represented.

16.     Plaintiff thereafter informed Mr. Gambino that she will call her husband, Ronald, and have him get in contact with Palmer, and that she would call him right back.

17.     Shortly thereafter, after Ronald reported the call to Palmer, Plaintiff called Mr. Gambino back and asked him if he had heard from Palmer regarding the alleged debt. In response, Mr. Gambino said that Palmer had responded to his email request, that the account was not "on the list" of accounts that Palmer is attempting to settle, and that

Plaintiff would have to make a payoff of $3900.00 to Defendant Credit Control within 14 days. Plaintiff then terminated the call.

18.     During said January 14, 2011 telephone conversation with Plaintiff referenced in paragraph 14 above, Mr. Gambino misrepresented that Palmer informed him that it did not represent the Plaintiff as to the alleged debt.

19.     As a debt collector, JH Portfolio Debt Equities may be held vicariously liable for the actions of Credit Control LLC. (See *Fox v. Citicorp Credit Services, Inc.*, 15 F.3d 1507 (9th Cir. 1994); *Pollice v. National Tax Funding, L.P.*, 225 F.3d 379 (3rd Cir. 2000).

20.     Defendants' collection communications are to be interpreted under the "unsophisticated consumer" standard. *See Gammon v. GC Services, Ltd. Partnership*, 27 F.3d 1254, 1257 (7th Cir. 1994).

## COUNT I-FAIR DEBT COLLECTION PRACTICES ACT—CREDIT CONTROL LLC and JH PORTFOLIO DEBT EQUITIES

21.     Plaintiff re-alleges paragraphs 1-20 as if set forth fully in this count.

22.     Defendants' violations of the FDCPA include, but are not limited to:

A.     Defendants violated § 1692c(a)(2) by communicating with Plaintiff directly to attempt to collect the alleged debt after they knew she was represented by an attorney;

B.     Defendants violated § 1692d when they harassed Plaintiff by communicating with her directly in their attempts to collect the alleged debt after they knew she was represented by an attorney;

C.     Defendants violated § 1692e when an agent or employee of Defendants deceptively and falsely represented that Credit Control was informed that Plaintiff was not represented by The Palmer Law Firm during its attempts to collect the alleged debt from Plaintiff;

D.      Defendants violated § 1692e when an agent or employee of
        Defendant Credit Control deceptively and falsely represented to
        Plaintiff that he had been informed that Plaintiff was not
        represented by The Palmer Law Firm as to the alleged debt
        account;

E.      Defendants violated § 1692e(5) when an agent or employee of
        Defendant Credit Control threatened to "file a judgment" against
        Plaintiff, as Credit Control is neither licensed to practice law in
        Illinois, and did not intend to "file a judgment" or seek that a
        judgment be entered against Plaintiff;

F.      Defendants violated § 1692e(5) when an agent or employee of
        Defendant Credit Control falsely represented that it could "file a
        judgment" against Plaintiff, as Credit Control cannot legally do so;

G.      Defendants violated § 1692e(10) when an agent or employee of
        Defendant Credit Control falsely represented that Credit Control
        was informed that Plaintiff was not represented by The Palmer
        Law Firm during its attempts to collect the alleged debt from
        Plaintiff;

H.      Defendants violated § 1692e(10) when an agent or employee of
        Defendant Credit Control falsely represented that it would "file a
        judgment" against Plaintiff, as Credit Control is not a law firm and
        has not taken assignment of the alleged debt from JH Portfolio;

I.      Defendants violated § 1692e(10) when Credit Control sent Plaintiff
        a letter that in part read "Final Notice", despite that said letter was
        the first and only letter sent by Defendant Credit Control to the
        Plaintiff;

J.      Defendants violated § 1692e(10) when Credit Control sent Plaintiff
        a letter that in part read "Final Notice", despite that said letter was
        the first and only letter sent by Defendant Credit Control to the
        Plaintiff;

K.      Defendants violated § 1692f  when Credit Control sent Plaintiff a
        letter that in part read "Final Notice", despite that said letter was
        the first and only letter sent by Defendant Credit Control to the
        Plaintiff;

L.      Defendants violated § 1692f  when an agent or employee of
        Defendant Credit Control unfairly threatened to "file a judgment"
        against Plaintiff, as Credit Control is neither licensed to practice

law in Illinois, and did not intend to "file a judgment" or seek that a judgment be entered against Plaintiff;

M.    Defendants violated § 1692f when an agent or employee of Defendant Credit Control unfairly communicated with Plaintiff directly to attempt to collect the alleged debt after they knew she was represented by an attorney;

N.    Defendants violated § 1692f when an agent or employee of Defendant Credit Control unfairly and falsely told Plaintiff that he had been informed that Plaintiff was not represented by The Palmer Law Firm as to the alleged debt account;

23.    As a result of Defendants' violations of the FDCPA, Plaintiff has suffered actual damages, including but not limited to emotional distress, depression, anxiety, irritation, and feelings of helplessness and hopelessness, and is thus entitled to an award of actual damages, statutory damages, costs and reasonable attorney fees.

## <u>REQUEST FOR RELIEF-FDCPA</u>

WHEREFORE, Plaintiff requests that judgment be entered in her favor against the Defendants for the count alleged above for:

A.    Statutory damages pursuant to 15 U.S.C. § 1692k(a)(2);

B.    Actual damages;

C.    Costs and reasonable attorney fees pursuant to 15 U.S.C. 1692k(a)(3); and

D.    Such other or further relief as the Court deems proper.

### JURY DEMAND

Plaintiff demands trial by jury.

By:  s/ Mario Kris Kasalo
Mario Kris Kasalo

**The Law Office of M. Kris Kasalo**
**"A Consumer Protection Law Firm"**
111 East Wacker Drive, Suite 555
Chicago, Illinois 60601
tele 773.847.2600
fax 773.847.0330
mario.kasalo@kasalolaw.com